## George Helle v. Deerfield Township.

1. ROAD LABOR—*Liability Under the Statute.*—The statute (R. S., Chap. 121, Sec. 82, Hurd's Ed. 1899, p. 1483) provides that every able-bodied male inhabitant above the age of twenty-one and under the age of fifty years (with certain exceptions), shall be required to labor on the highways in their respective road districts not less than one nor more than three days in each and every year.

2. SAME—*Definition of the Term " Inhabitant."*—The term "inhabitant" is defined in law to be one who has a legal settlement in a town, city or parish, and is synonymous with the word "resident," which is more generally used in this country and probably better understood.

3. SAME—*Who is a Resident, a Question of Fact.*—The question as to whether a person is or is not a resident of a certain road district, so as to be liable to taxation therein, is one of fact for the jury.

4. SAME—*Evidence that a Person Voluntarily Submitted to be Taxed in Another District, When Competent.*—On the trial of the issue as to whether a person is a resident of a road district so as to be liable to taxation therein for road purposes, it is competent for the jury to consider the fact that such person had voluntarily submitted to be taxed and paid his tax in another township where he claimed a residence with his father.

**Action for a Penalty**, for a failure to labor on the highways or pay commutation. Appeal from the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed September 11, 1901.

O. J. BOYER, attorney for appellant.

CHIPERFIELD & CHIPERFIELD, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a suit against appellant to recover the penalties provided by statute for a failure to work upon the roads or commute the same, in District 3, Deerfield Township, Fulton County. The trial by jury resulted in a verdict of guilty, and a penalty of $4 was assessed against appellant, for which the court gave judgment against him, after overruling his motion for a new trial, and to reverse this judgment he prosecutes this appeal to this court.

Appellant was assessed for road labor in District 3, Deerfield Township, where he had a saw mill. While working

at his saw mill, he was unmarried, and lived in a tent a part
of the time, and boarded part of the time, but claimed his
residence with his father in Cass Township of the same
county, and was assessed and paid poll tax in the latter
place, which the court, on objection, excluded from the evi-
dence, and held, in the presence and hearing of the jury,
"the way the proof stands now I will have to hold that the
defendant was an inhabitant of Deerfield Township at the
time these lists were made up and was not a resident of
Cass." The statute (Chap. 121, Sec. 82) provides that every
able-bodied male inhabitant above the age of twenty-one
years and under the age of fifty years, with certain excep-
tions, shall be required to labor on the highways in their
respective road districts, not less than one nor more than
three days in each and every year; and by a subsequent
section (101) it is provided that every person assessed and
duly notified, as provided by law, who shall not commute,
or who shall refuse or neglect to appear, shall forfeit to the
town for every day's refusal or neglect the sum of two
dollars.

The vital issue in this case was of which district appellant
was an inhabitant, and which of the districts in question
was his district, within the meaning of the statute. The
word "inhabitant" is to be given its ordinary significance
as used in the statute. Webster defines inhabitant to mean
one who dwells or resides permanently in a place, as dis-
tinguished from a transient lodger, or visitor; as, an inhabit-
ant of a house, a town, a city, county or state (Law); one who
has a legal settlement in a town, city or parish; a permanent
resident. We thus see that an inhabitant is synonymous
with resident, the latter word being more generally used
in this country, and probably the better understood. It
was therefore a question of fact to be determined by the
jury, from all the evidence in the case, of which district
appellant was a resident, and for the purpose of the statute
the district of which he was a resident would be his district,
as it is not to be understood, unless the meaning was plain
to the contrary, that the legislature intended the inhabitant

should be assessed in more than one district. It was therefore prejudicial error for the court, as it did by its ruling that we have already noticed, to take this question away from the jury. The question of residence being one of fact to be decided by the jury, it is also largely one of intention of the party concerned, and in this particular it was competent for the jury to consider the fact that appellant had voluntarily submitted to be taxed, and paid the same in Cass Township, where he claimed his residence with his father, and it was error for the court, as it did, to exclude such evidence.

In so far as the rulings of the court upon instructions given or refused are inconsistent with the views herein expressed they were erroneous.

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded for a new trial. Reversed and remanded.